## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:14cv266

| | |
|---|---|
| **KIMBERLEE BALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **CAROLYN W. COLVIN,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial

review of the final decision by the Commissioner of Social Security

("Commissioner") denying Plaintiff's claim for disability benefits. This case came

before the Court on the administrative record and the parties' Motions for

Summary Judgment [# 12 & # 19]. The Court **RECOMMENDS** that the District

Court **GRANT** the Plaintiff's Motion for Summary Judgment [# 12], **DENY** the

Commissioner's Motion for Summary Judgment [# 19], and **REMAND** the

decision of the commissioner.

### I.    Procedural History

Plaintiff filed an application for disability insurance benefits and for

supplemental security income with a protective filing date of March 24, 2011.

(Transcript of Administrative Record ("T.") 170-85, 201.)  Plaintiff alleged an onset date of March 16, 2011.  (T.170, 172.)   The Social Security Administration denied Plaintiff's claim.  (T. 117-21.)  Plaintiff requested reconsideration of the decision, which was also denied.  (T. 122-33.)   A disability hearing was then held before an Administrative Law Judge ("ALJ").  (T. 42-66.)  The ALJ then issued a decision finding that Plaintiff was not disabled beginning March 16, 2011. (T. 18-28.)  Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-3).  Plaintiff then brought this action seeking review of the Commissioner's decision.

## II.      Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  Under this inquiry, the Commissioner must consider in sequence: (1) whether  a claimant is gainfully employed; (2) whether a claimant has a severe

impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity.  Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.  If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted.  20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III.    The ALJ's Decision

In his May 6, 2013, decision the ALJ found that Plaintiff is not disabled under Section 1614(a)(3)(A) of the Social Security Act.  (T. 28)  The ALJ made the following specific findings:

(1)    The claimant meets the insured status requirements of the Social Security Act through September 30, 2103.

(2)    The claimant has not engaged in substantial gainful activity since March 16, 2011, the alleged onset date (20 CFR 4045.1571 *et seq*., and 416.971 *et seq.*).

(3)    The claimant has the following severe impairments: affective disorder and anxiety-related disorders (20 CFR 404.1520(c) and 416.920(c)).

(4)    The claimant does not have an impairment or combination of

impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5)     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine, repetitive tasks, better with things than with people as cited in Exhibit 8A.

(6)     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7)     The claimant was born on February 7, 1979 and was 32 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8)     The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9)     Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled  (20 CFR 404.1568 and 416.968).

(10)    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11)    The claimant has not been under a disability, as defined in the Social Security Act, from March 16, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 20-28.)

## IV.    Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits.  Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006).   The scope of judicial review, however, is limited.  The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal quotation marks omitted).  It is more than a scintilla but less than a preponderance of evidence.  Id.  When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary."  Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law.  Id.

## V.   Analysis[1]

### A.  The Medicaid Disability Decision

Plaintiff contends that the ALJ erred by failing to consider the August 22, 2011, decision by the North Carolina Department of Health and Human Services ("NCDHHS") finding that Plaintiff was eligible for Medicaid as a disabled adult. (T. 254-57.)   The Court agrees.

The law in this Circuit is clear that an ALJ commits reversible error by failing to consider and address a decision by the NCDHHS awarding a claimant Medicaid benefits.  See Chriscoe v. Colvin, No. 1:13CV788, 2015 WL 4112442, at *4-5 (M.D.N.C. Jul. 8, 2015) (collecting cases); Newman v. Colvin, No. 5:12-CV-739-BO, 2013 WL 6501165, at *2 (E.D.N.C. Dec. 11, 2013); Joyner v. Astrue, No. 4:12-CV-018-BO, 2013 WL 310056 at *1 (E.D.N.C. Jan. 25, 2013); Allen v. Colvin, No. 2:12-CV-29-FL, 2013 WL 3983984, at *2 (E.D.N.C. Aug. 1, 2013). This is consistent with SSR 06-03p (Aug. 9, 2006), which requires that the Commissioner consider a disability decision by another governmental or nongovernmental agency.

Here, the ALJ failed to consider the NCDHHS finding of disability.  (T. 18-

---

[1]  Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

28.)  In fact, the decision of the ALJ does not even mention the DCDHHS decision.  (Id.)   By failing to consider the disability determination by the NCDHHS, the ALJ failed to comply with SSR 06-03p and remand is required. The Commissioner's contention that the NCDHHS decision was not an opinion from another agency because it was legally incorrect is nonsensical and borders on the frivolous.  Right or wrong, the NCDHHS decision in the record is plainly a disability decision by another agency, and, as such, it must be considered by the ALJ.  See SSR 06-03p.  As the United States District Court for the Eastern District of North Carolina explained in Newman, "as the ALJ failed to even mention the Medicaid award, the Court cannot create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."  2013 WL 6501165, at *2 (internal citation and quotation omitted).  Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Summary Judgment and **REMAND** this case.

### B.  The ALJ's RFC Determination

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations.  SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§

404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual capacity assessment is based on the all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. SSR 96-9p.

The ALJ found that Plaintiff had the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine, repetitive tasks, better with things than with people as cited in Exhibit 8A." (T. 21.) In finding that claimant's mental impairments did not meet listings 12.04 and 12.06, the ALJ found that Plaintiff had moderate limitations in maintaining social functioning and in maintaining concentration, persistence, and pace. (T. 21.) Plaintiff contends that the ALJ erred in accessing her RFC because the ALJ failed to properly consider her limitations in concentration, persistence, and pace, as well as her limitations in social functioning.

Although the ALJ's findings at step two and three may not require an RFC that imposes limitations on social functioning and concentration, persistence and pace, the ALJ must at least provide a sufficient explanation in the decision to allow this Court to determine why the RFC adequately accounts for the limitations despite the ALJ's finding that Plaintiff has moderate difficulties in social functioning and concentration, persistence and pace. See Franklin v.Colvin, No. 5:14-cv-00084, 2015 WL 4510238, at *2 (W.D.N.C. Jul. 24, 2015) (Cogburn, J.). As the District Court explained in Franklin:

> the court believes that under current Fourth Circuit precedence, the ALJ must directly explain how he accounted for Plaintiff's moderate limitations in concentration, persistence, and pace in Plaintiff's residual functional capacity, such that the court may properly review the ALJ's analysis. As the burden is squarely on the Commissioner at the fifth step, the ALJ must provide this court with a thorough analysis of the factors which ultimately informed the ALJ's conclusion.

See also Scruggs v. Colvin, No. 3:14-cv-00466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) (Cogburn, J.) ("Because the court is left to guess as to how the ALJ concluded that Plaintiff could perform the relevant functions in light of her mental limitations, the court finds that substantial evidence does not support his decision and that remand is therefore appropriate."); Reinhardt v. Colvin, No. 3:14-cv-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015) (Cogburn, J.); Salmon v. Colvin, No. 1:12CV1209, 2015 WL 1526020, at *3

(M.D.N.C. Apr. 2, 2015).  As the United States Court of Appeals for the Fourth

Circuit recently stated in <u>Mascio v. Colvin</u>, 780 F.3d 632, 638 (4th Cir. 2015):

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. <u>See</u> <u>id.</u> at 1181. But because the ALJ here gave no explanation, a remand is in order.

<u>See</u> <u>also</u> <u>Reinhardt</u>, 2015 WL 1756480, at *3 ("While the court agrees with the

Commissioner's argument that the fact that the ALJ found mild limitations in the

paragraph B criteria does not necessarily translate to a work-related functional

limitation, <u>Mascio</u> clearly imposes on the Commissioner a duty to explain why

such mild mental health impairments found at step two do not translate into work-

related limitations when plaintiff's RFC for work is considered.").  Moreover, an

ALJ does not properly account for a claimant's limitations in concentration,

persistence, and pace by restricting a claimant to simple, routine tasks or unskilled

work.  <u>Mascio</u>, 780 F.3d at 638.

Here, the ALJ provided an insufficient explanation in the decision as to why

Plaintiff's moderate limitations in concentration, persistence, and pace and social

functioning were accounted for in the RFC.  The lone statement by the ALJ that

Plaintiff "is able to think, act in her own interest, communicate, handle her own

affairs, and adjust to ordinary emotional stressed without significant difficulties" is simply insufficient for this Court to determine whether the ALJ properly accounted for the moderate limitation that the ALJ found at the earlier steps. This is not to say that Plaintiff's moderate limitations will result in additional work related limitations, but the ALJ must provide this Court with sufficient analysis in its decision to allow the Court to conduct meaningful review of the RFC determination. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Summary Judgment and **REMAND** this case.

## VI.    Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Plaintiff's Motion for Summary Judgment [# 12], **DENY** the Commissioner's Motion for Summary Judgment [# 19], and **REMAND** the decision of the commissioner.


Signed: September 1, 2015


Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).